361 F.3d 93
 Isidoro DELEON, Plaintiff-Appellant,
v.
John DOE, Mail Room Supervisor, GMCF, John Doe, Mail Room Dispatcher, GMCF, Defendants,
David Carpenter, Dep. Supt of Prog. GMCF, Ronald Atkinson, Mail Room Supervisor, GMCF, Shirley French, Mail Room Dispatcher, GMCF, Defendants-Appellees.
 No. 03-0093.
 United States Court of Appeals, Second Circuit.
 Submitted: March 2, 2004.
 Decided: March 10, 2004.
 
 Isidoro DeLeon, Wende Correctional Facility, Alden, NY, pro se.
 Julie M. Sheridan, Assistant Solicitor General, for Eliot Spitzer, Attorney General of the State of New York (Nancy A. Spiegel, Senior Assistant Solicitor General, on the brief), for Defendants-Appellees.
 Before: VAN GRAAFEILAND, LEVAL, and CALABRESI, Circuit Judges.
 PER CURIAM.
 
 
 1
 In December 2001, plaintiff-appellant Isidoro DeLeon, a New York state prisoner, filed an amended complaint pursuant to 42 U.S.C. § 1983, alleging that various mail room personnel at the Great Meadow Correctional Facility had violated his First and Fourteenth Amendment rights. Specifically, he asserted (1) that defendants deliberately delayed the mailing of certain of his submissions in an ongoing federal action, causing him to miss a court deadline, which in turn led to the suit's dismissal; and (2) that defendants misplaced and sent to the wrong city a birthday card he wrote to a relative. The district court (Kahn, J.) dismissed his claims with prejudice pursuant to Fed.R.Civ.P. 12(b)(6). Based on previous warnings about frivolous lawsuits and misrepresentations in the complaint, the court also imposed a sanction of $150 pursuant to Fed.R.Civ.P. 11(b)(3) and issued "one strike" against DeLeon pursuant to 28 U.S.C. § 1915(g).
 
 
 2
 With respect to the Rule 12(b)(6) dismissal, we affirm substantially for the reasons given by the court below. DeLeon failed to allege that defendants took actions that actually "hindered [his] efforts to pursue a legal claim" or otherwise prejudiced his legal action, as required to state a claim for denial of access to the courts due to interference with legal mail. Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir.1997) (internal quotation marks omitted). (In fact, as he clearly knew, the case he claimed had been hindered by the alleged mail delay was dismissed on the merits after a bench trial — not for untimeliness of court submissions). He also failed to allege that prison officials "regularly and unjustifiably" interfered with his personal mail, and therefore could not sustain his First Amendment cause of action. Davis v. Goord, 320 F.3d 346, 351 (2d Cir.2003) (internal quotation marks omitted). As to the Rule 11 penalty, a $150 sanction on a prisoner may be harsh, but we cannot say, in the circumstances of this case, that it was outside of the district court's discretion. See Corroon v. Reeve, 258 F.3d 86, 92 (2d Cir.2001) (imposition of sanctions is reviewed for abuse of discretion).
 
 
 3
 The district court's "one strike" order, however, is another matter. Section 1915(g) provides in pertinent part that "a prisoner [cannot] bring a civil action ... or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought a[ federal] action ... that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." The provision is known as the "three strikes rule." See Malik v. McGinnis, 293 F.3d 559, 560 (2d Cir.2002). In Snider v. Melindez, 199 F.3d 108, 115 (2d Cir.1999), we expressed strong doubt, without deciding the matter, as to "whether the entry of a strike [under § 1915(g)] is properly considered at the time an action is dismissed." We now address that question and hold that it was error for the court below to enter such a strike. This holding is premised on our rationale in Snider:
 
 
 4
 The designation of strikes has no practical consequences until a defendant in a prisoner's lawsuit raises the contention that the prisoner's suit or appeal may not be maintained in forma pauperis pursuant to 28 U.S.C. § 1915 because the prisoner has accumulated three strikes. At that time, because a practical consequence turns on the answer to the question, a court will need to determine whether the prisoner should be charged with three strikes. Litigation over the issue at an earlier juncture would involve the courts in disputes that might never have any practical consequence. The resolution of such disputes is not a proper part of the judicial function.
 
 199 F.3d at 115.[1]
 
 5
 Accordingly, district courts should not issue these strikes one by one, in their orders of judgment, as they dispose of suits that may ultimately — upon determination at the appropriate time — qualify as strikes under the terms of § 1915(g).[2] On the other hand, as we also noted in Snider, the district court judgments should clearly set forth the reasons for dismissal, "including whether the dismissal is because the claim is `frivolous,' `malicious,' or `fails to state a claim,' whether it is because the prisoner has failed to exhaust an available administrative remedy, or for other reasons. The[se] judgment[s] should also state whether the dismissal is with prejudice or without." Id. Clarifications of this sort "will undoubtedly assist subsequent courts that must determine whether a plaintiff is barred from maintaining an action in forma pauperis by the three strikes rule of Section 1915(g)." Id.
 
 
 6
 In the present case, then, we vacate this aspect of the judgment and remand the matter to the district court for modifications consistent with this opinion. We find no merit in appellant's remaining arguments, and accordingly affirm all other portions of the judgment below.
 
 
 
 Notes:
 
 
 [1]
 We further noted that "[c]ontemporaneous classification of dismissals as strikes or non-strikes at a time when the ruling has no immediate consequences may also lead district courts to undertake such classifications carelessly, and with inadequate explanation of why a given dismissal falls into one category and not the other. We think these concerns outweigh any possible benefits that may follow from contemporaneous classification due to the greater familiarity with the factual record that a dismissing court may possess."Snider, 199 F.3d at 115 n. 4.
 
 
 [2]
 As we observed inSnider, several of our sister circuits appear to leave the assessment of strikes to the court charged with enforcing Section 1915(g). See, e.g. Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir.1999); Wilson v. Yaklich, 148 F.3d 596, 602-03 (6th Cir.1998); Patton v. Jefferson Corr. Ctr., 136 F.3d 458, 461 (5th Cir.1998); Lucien v. Jockisch, 133 F.3d 464, 469 n. 8 (7th Cir.1998).