In the

# United States Court of Appeals

## For the Seventh Circuit

No. 20-1307

HUBERT D. HILL,

*Plaintiff-Appellant,*

*v.*

MADISON COUNTY, ILLINOIS, and RANDY YOUNG,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 19-cv-00555-JPG — **J. Phil Gilbert**, *Judge.*

ARGUED DECEMBER 8, 2020 — DECIDED DECEMBER 22, 2020

Before EASTERBROOK, KANNE, and HAMILTON, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Hubert Hill filed a suit in state court, asking a judge to compel Randy Young, his prison's warden, to mail two complaints that Hill wanted to file in federal court. Young and Madison County, the other defendant, removed Hill's suit to federal court, as they were entitled to do because Hill based his claim on the First

Amendment (applied to the states by the Fourteenth). See 28 U.S.C. §1441(a).

The district judge dismissed the complaint for failure to state a claim on which relief may be granted, observing that Hill had not alleged that the prison prevented him from filing a federal suit. To the contrary, the judge stated, the district court's records show that the two complaints to which Hill referred had been filed. The judge gave Hill a second opportunity to present a viable claim, and when Hill did not amend his complaint the judge dismissed the suit with prejudice. See 2019 U.S. Dist. LEXIS 216378 (S.D. Ill. Dec. 17, 2019); 2020 U.S. Dist. LEXIS 9371 (S.D. Ill. Jan. 21, 2020).

Hill does not contest that decision. Instead he asks us to vacate this language from the judgment: "This dismissal shall count as one of [Hill's] allotted 'strikes' under the provisions of 28 U.S.C. § 1915(g)." This statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Hill contends that there are two problems with the language: first that it represents an advisory opinion forbidden by Article III of the Constitution, and second that it is a substantive mistake because the suit was filed in state rather than federal court.

Hill wants us to start with the Constitution, but it is best to resolve a case on statutory grounds if at all possible. See,

e.g., *New York City Transit Authority v. Beazer*, 440 U.S. 568, 582 (1979). And it is possible to do so here. The problem with the district court's decision is statutory; the constitutional argument is just a misnomer for a statutory point.

According to Hill, the "strike" notation is an advisory opinion because §1915(g) commits to a later tribunal the toting up of "strikes" in earlier suits and appeals. We have so held. See, e.g., *Wallace v. Baldwin*, 895 F.3d 481, 485 (7th Cir. 2018); *Lucien v. Jockisch*, 133 F.3d 464, 469 n.8 (7th Cir. 1998). It follows, Hill maintains, that the district judge violated the Constitution. Not at all. What follows is that the judge exceeded the authority granted by statute.

Suppose §1915(g) had included one more sentence: "The court that dismisses a civil action or appeal also must decide conclusively whether the decision counts toward the 3 allowed by this subsection." Then the district judge would have had authority to include a "strike" resolution in the judgment. It is hard to see a constitutional problem in such a decision. District judges often decide matters that concern consequences of the judgment. For example, a judge who enters an injunction may tell the losing party that defiance will be met with a contempt citation, and a judge who dismisses a suit may tell the loser that an attempt to relitigate will lead to an award of sanctions. That these warnings do not have bite until some other event has happened would not create a constitutional bar. An opinion is not "advisory" when it has concrete consequences, and if one consequence of a "strike" finding is that only two strikes remain, a judicial alert to that consequence of the judgment is no more advisory than when a baseball umpire raises his arm and bellows "Strike one."

But §1915(g) does not contain this hypothetical sentence, and we have understood §1915(g) to leave the effective decision to a later tribunal. Thus the district court exceeded its statutory authority by treating a "strike" as part of the judgment. Accord, *Deleon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004); *Furnace v. Giurbino*, 838 F.3d 1019, 1029 (9th Cir. 2016); *Fourstar v. Garden City Group, Inc.*, 875 F.3d 1147 (D.C. Cir. 2017).

The district judge put "strike" language in his opinions as well as the judgment, and Hill concedes that the language in the opinions is consistent with the Constitution—for opinions are just explanations, while judgments are legally binding. Advice from a judge to a litigant does not violate Article III, precisely because it is not conclusive.

It makes good sense for a judge who believes a dismissal to come within the scope of §1915(g) to include notice to that effect. Notice assists the litigant, who can alter future litigation tactics to stop short of three strikes. Notice also aids other judges. It is hard to imagine how the system established by §1915(g) could be administered if judges must keep silent about whether their decisions likely come within §1915(g). Silence by all judges who dismiss complaints (or resolve appeals) would put the onus on other judges to screen every newly filed complaint without assistance—for if any plaintiff has "struck out" §1915(g) must be applied before the new complaint is docketed and the defendant served. It is not feasible for every judge assigned to a prisoner's complaint to compile a catalog of that prisoner's litigation and effectively readjudicate each of the earlier suits to see whether it "was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

may be granted". It is hard enough to do that when earlier judges have included "strike" notices in their opinions; those notices, which can be added to searchable databases, enable newly assigned judges to concentrate their attention on a subset of the prisoner's suits and appeals.

It follows that the language in the opinions dismissing Hill's suit was proper—if this suit indeed comes within §1915(g). Which it does not. Section 1915(g) requires pre-payment of the docket fees only if the plaintiff has thrice "brought an action or appeal in a court of the United States" only to have the suit or appeal decided on one of the listed grounds. Hill did not "bring" this suit in a court of the United States. He filed it in state court. Defendants brought it to federal court under §1441(a), but §1915(g) does not apply to complaints brought to federal courts by defendants.

Defendants have declined to participate in Hill's appeal, which does not concern the merits of Hill's suit. We appointed Megan Lacy Owen of Jones Day as *amicus curiae* to defend the judgment, so that we would have an adversarial presentation. She asks us not to interpret §1915(g) literally. The legislative goal is to limit the number of unsuccessful suits that prisoners can bring, without at least paying *something* for the exercise, and to achieve that goal a court should read "bring" to include any suit that comes before a federal court. So the argument goes.

That is too much of a stretch. Language sets limits, and "bring" means to commence something, not to prosecute it. Congress enacted a *rule* in §1915(g); it did not announce a standard that judges would elaborate later. Courts must not turn rules into standards.

> [N]o legislation pursues its purposes at all costs. Deciding what competing values will or will not be sacrificed to the achievement of a particular objective is the very essence of legislative choice—and it frustrates rather than effectuates legislative intent simplistically to assume that *whatever* furthers the statute's primary objective must be the law.

*Rodriguez v. United States*, 480 U.S. 522, 525–26 (1987) (emphasis in original).

Nor is there a need to read §1915(g) more broadly than its language. Courts have ample means to penalize the pursuit of frivolous suits that are removed to federal court. Rule 11 of the Federal Rules of Civil Procedure applies to all papers filed in federal court. Every paper carries with it a set of representations under Rule 11(b), and if any of those representations is false the court may impose a penalty. If a prisoner fails to pay a penalty imposed under Rule 11, the court may take other steps, such as revoking the privilege of litigating *in forma pauperis* or barring new suits altogether. See *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

At least three other circuits have held that removed suits cannot count as "strikes" under §1915(g). See *Dooley v. Wetzel*, 957 F.3d 366, 377 n.9 (3d Cir. 2020); *Harris v. Magnum*, 863 F.3d 1133, 1140 (9th Cir. 2017); *Woodson v. McCollum*, 875 F.3d 1304, 1307 (10th Cir. 2017). We agree with those decisions. It follows that this suit does not count as a "strike" when some later district judge comes to assess the totality of Hill's litigation.

One more comment before we close. The *amicus curiae* contends that the statements in the district court's opinion (as opposed to the judgment) are dicta and hence not ap-

pealable. Yes and no. They are dicta in the sense that they are not *binding* in future litigation, but they still aggrieve Hill because they draw a future judge's attention to this suit and may induce the judge to deny *forma pauperis* status wrongly. Appeal is proper when a litigant suffers a legal injury from a decision. A strike notice causes such an injury whether or not it is conclusive. By disapproving that notice, we relieve Hill of a potential obstacle to a future suit.

The contested statement in the district court's judgment is vacated, and the equivalent statements in the opinions are disapproved. Ms. Owen has our thanks for her assistance.