RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 21a0099p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

JOSHUA SIMONS,

        *Plaintiff-Appellant*,

    *v.*

HEIDI E. WASHINGTON, Director; MICHIGAN DEPARTMENT OF CORRECTIONS,

        *Defendant-Appellee*.

No. 20-1406

───────────────

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:20-cv-00170—Janet T. Neff, District Judge.

Argued: April 29, 2021

Decided and Filed: May 3, 2021

Before: SUTTON, Chief Judge; SUHRHEINRICH and SILER, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:** Kathryn L. Wynbrandt, JENNER & BLOCK LLP, Washington, D.C., for Appellant. Zachary A. Zurek, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellee. **ON BRIEF:** Amir H. Ali, Eliza J. McDuffie, RODERICK & SOLANGE MACARTHUR JUSTICE CENTER, Washington, D.C., for Appellant. Zachary A. Zurek, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellee.

———————————

**OPINION**

———————————

SUTTON, Chief Judge.  The Prison Litigation Reform Act establishes what has come to be known as the three-strikes rule.  *See* 28 U.S.C. § 1915(g).  A prisoner accrues a strike when he brings a frivolous lawsuit.  After three strikes, the Act prohibits inmates from filing those lawsuits without paying the initial court fee for bringing them.  At stake in this appeal is who makes the call about a strike and when.

Joshua Simons resides in the Bellamy Creek Correctional Facility located in Ionia, Michigan.  During Simons's incarceration, family and friends have sent about fifty dollars each month to Simons's "Inmate Trust Account" to allow him to buy goods in the prison commissary.  After Simons broke a prison window, prison officials removed money from his account to make repairs.

In February 2020, Simons filed a pro se complaint, targeting this seizure of funds as a violation of state and federal law.

Two months later, the district court issued an order allowing Simons to proceed *in forma pauperis* under 28 U.S.C. § 1915(b)(1), thereby permitting the gratis filing of this lawsuit.  That same day, the district court screened Simons's lawsuit as required by 28 U.S.C. § 1915A.  The court rejected Simons's federal claims on the merits, and it declined to exercise supplemental jurisdiction over Simons's state law claims.  Having conducted the required screening of Simons's claims, the district court addressed whether the dismissal would count as a "strike" under 28 U.S.C. § 1915(g).  The court ruled that it counted.

Simons appealed, training his sights on the court's notation that the dismissal of his suit counts as a strike.

A litigant who files a lawsuit in federal court generally must pay a filing fee.  *See* 28 U.S.C. § 1914(a).  Insolvent litigants, including prisoners, may request permission to proceed without initially paying a filing fee, a benefit that comes with *in forma pauperis* status.  *See*

28 U.S.C. § 1915(a)–(b); *Bruce v. Samuels*, 577 U.S. 82, 85 (2016). In an effort to decrease the quantity of frivolous inmate claims and to increase the quality of any lawsuits filed, Congress enacted the Prison Litigation Reform Act in 1996, which conditions a prisoner's eligibility to file complimentary lawsuits on his litigation history. *See Jones v. Bock*, 549 U.S. 199, 203 (2007).

28 U.S.C. § 1915(g) sets forth the relevant rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Under the statute, a prisoner, like non-indigent litigants, must pay a filing fee at the outset if he has had three or more prior federal actions or appeals "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim." 28 U.S.C. § 1915(g); *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020).

This appeal raises three questions about the operation of § 1915(g).

First question: Does § 1915(g) allow a court that dismisses a prisoner's lawsuit to bind a later court with its strike determination? No. The statute applies when (1) a "prisoner" (2) has sought to "bring a civil action or appeal" and (3) has requested to proceed *in forma pauperis* "under this section." After that, § 1915(g) calls on a fourth (or at least later) court that has before it a civil action brought by the prisoner to engage in a backwards-looking inquiry. *See Furnace v. Giurbino*, 838 F.3d 1019, 1029 (9th Cir. 2016). The later court must determine whether the prisoner "on 3 or more prior occasions" has brought an action or appeal that was "dismissed on the grounds that [it was] frivolous, malicious, or fail[ed] to state a claim." 28 U.S.C. § 1915(g). Taken together, these provisions do not permit an earlier court to bind later courts. The statute reserves that binding determination for the court in the fourth or later proceeding. *Cf. Coleman v. Tollefson*, 575 U.S. 532, 532 (2015) (noting that a litigant had "accumulated three prior dismissals on statutorily enumerated grounds").

This historical inquiry requires the later court to "independently evaluate whether the prior [lawsuits] were dismissed on one of the enumerated grounds and therefore count as strikes." *Fourstar v. Garden City Grp., Inc.*, 875 F.3d 1147, 1149 (D.C. Cir. 2017) (Kavanaugh, J.); *see also Hill v. Madison County*, 983 F.3d 904, 906 (7th Cir. 2020) (Easterbrook, J.) ("[W]e have understood § 1915(g) to leave the effective decision to a later tribunal."); *Harris v. Harris*, 935 F.3d 670, 675 (9th Cir. 2019).

Second question: May the district court nonetheless recommend that a future court treat the dismissed action as a strike? Yes. Even if the ruling court may not be able to bind later courts to a strike characterization, it often will make sense for the court that dismisses a prisoner's suit to make a non-binding strike recommendation—sometimes what amounts to a strike warning.

While the statute neither requires nor prohibits such statements, some benefits flow from giving them. When cast as a warning, they provide notice to the inmate that may inform his later litigation strategies or decisions. Before filing another lawsuit, he will know how to "alter future litigation tactics to stop short of three strikes." *Hill*, 983 F.3d at 906. Independent of that point, a recommendation that a dismissal should be, or should not be, treated as a strike under the statute provides informed guidance to later courts. While it does not bind later courts, it does offer guidance about the inmate's litigation history from the informed perspective of someone who has seen the case firsthand. *Id.* at 907.

Third question: Does Article III of the United States Constitution prohibit a court that dismisses a prisoner's lawsuit from making a non-binding recommendation about whether a dismissal should be treated as a strike for purposes of § 1915(g)? No. Although the case-or-controversy requirement bars federal courts from issuing binding legal rulings without a live dispute, it does not prohibit including what amounts to dicta in district court orders. Such non-binding statements appear all the time. And district courts opine on matters that concern the consequences of a judgment no less frequently. Consider courts that warn enjoined parties that "defiance will be met with a contempt citation." *Hill*, 983 F.3d at 906. Consider courts that warn litigants about the consequences of continuing to file lawsuits without a proper basis. *See Goldgar v. Off. of Admin., Exec. Off. of the President*, 26 F.3d 32, 36 n.3 (5th Cir. 1994).

Consider a court's obligation to "warn" a pro se prisoner that his motion will be recharacterized as one brought under § 2255 unless he withdraws or amends the filing. *See Castro v. United States*, 540 U.S. 375, 383 (2003). Or consider a court's warning that failure to comply with the terms of supervised release will result in revocation. *See United States v. Soto-Soto*, 855 F.3d 445, 447 (1st Cir. 2017).

That these warnings do not have bite until a future event has taken place—and do not bind anyone—does not turn them into illicit advisory opinions. Just as Article III does not prohibit a court from explaining the potential consequences of a binding judgment or the potential consequences that flow from a litigant's future conduct, it does not prevent a court from alerting a prisoner litigant about the potential consequences that might attend proceeding with future litigation. *Hill*, 983 F.3d at 906.

Our sister circuits have reached the same bottom line, but they have sometimes traveled different paths. All agree that a district court that dismisses a prisoner's action lacks the authority to make a strike call under the statute that binds a later court. *See Deleon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004) (per curiam); *Dooley v. Wetzel*, 957 F.3d 366, 377 (3d Cir. 2020); *Hill*, 983 F.3d at 906. But the Second and Third Circuits couch their holdings in constitutional, not statutory, terms. The Second Circuit has held that district courts exceed the bounds of Article III when they describe a dismissal order as a strike, reasoning that it is only the court that entertains a fourth or later action filed by a prisoner that has the constitutional authority to make binding strike calls. *Deleon*, 361 F.3d at 95. The Third Circuit, too, has concluded that a court that dismisses a prisoner's action cannot go ahead and make a binding strike call because such a call would "run afoul of Article III's case or controversy requirement." *Dooley*, 957 F.3d at 377.

We agree with the Seventh Circuit that the text of the Prison Litigation Reform Act, not the text of the Constitution, resolves this case. *Hill*, 983 F.3d at 906. We do not read the Second or Third Circuits to say that a court that dismisses a prisoner's suit cannot go ahead and make a non-binding strike call. Those circuits, like our court now, hold only that a dismissing court lacks the authority to issue a strike call that binds later courts.

That returns us to Simons's case.  The district court's *judgment* dismissed Simons's federal claims on the merits and declined to exercise supplemental jurisdiction over his state law claims.  Simon's half-hearted challenges to the underlying dismissal order lack merit, are not at any rate the focus of his appeal, and do not warrant comment other than to say that the district court resolved the federal claims correctly and did not exceed its discretion in declining to exercise supplemental jurisdiction over the state law claims.

As for the district court's *opinion* explaining the reasons for dismissing the claims, it separately labeled the dismissal a strike under § 1915(g).  In addition to the reality that we review judgments, not opinions, *Camreta v. Greene*, 563 U.S. 692, 704 (2011), the opinion will not by itself prohibit Simons from filing a free lawsuit in the future.  The district court's strike notation, as explained, does not bind later district courts.  And we have no basis, as also explained, for assessing whether the district court's non-binding strike call was right at this point.  Review of that decision, like the potential consideration of the district court's recommendation by a future district court, will have to wait.  Section 1915(g) leaves it to a fourth or later court to decide whether the district court's non-binding strike call should become a binding strike.

We affirm the judgment of the district court.