# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2824

_____

Gabriel Gonzalez

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: September 24, 2021
Filed: January 12, 2022

_____

Before SMITH, Chief Judge, GRUENDER and STRAS, Circuit Judges.

_____

STRAS, Circuit Judge.

Gabriel Gonzalez received more than he bargained for when his tort claim was dismissed. Not only did he lose the case, but the district court[1] advised him that he had collected a "strike" under the Prison Litigation Reform Act. Now he challenges

_____

[1]The Honorable D. Price Marshall, Jr., Chief Judge, United States District Court for the Eastern District of Arkansas.

the called strike, which can harm him, if at all, only in the future. For that reason, we lack jurisdiction over the appeal.

## I.

Gonzalez, who is an inmate in federal prison, sued under the Federal Tort Claims Act after prison officials allegedly confiscated and destroyed some of his legal papers. Applying the PLRA, the district court dismissed the action because he had failed to state a claim. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. Although Gonzalez appeals from "the [d]istrict [c]ourt's [j]udgment and [o]rder," all he addresses in his brief is a single sentence from the order saying that the "dismissal counts as a 'strike' within the meaning of 28 U.S.C. § 1915(g)."

Under the PLRA, a prisoner earns a strike for any action that is "dismissed on the ground[] that it is frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." *Id.* § 1915(g). After three strikes, a litigant loses the right to sue without prepaying the filing fee. *Id.* § 1915(a), (g). Gonzalez would like us to overturn the strike, even if it cannot immediately impact him.

## II.

Whether we have jurisdiction to consider Gonzalez's challenge is a purely legal question. *See ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011). So are any interpretive questions under the PLRA. *See Faulk v. Charrier*, 262 F.3d 687, 703 (8th Cir. 2001) (explaining that "issues of statutory construction" are reviewed de novo). All signs, in other words, point to de-novo review. *See Fourstar v. Garden City Grp., Inc.*, 875 F.3d 1147, 1150 (D.C. Cir. 2017) (Kavanaugh, J.).

A.

The statutory question is who gets to make the call: the judges who individually dismiss each action or the judge who eventually has to decide whether a prisoner has tallied three strikes? The PLRA itself provides the answer.

Prisoners lose their eligibility for filing-fee relief, absent "imminent danger of serious physical injury," if they have, "on 3 or more prior occasions," brought actions that were "dismissed on the grounds that" they are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted."[2] 28 U.S.C. § 1915(g). At first glance, it may appear that strikes can be assessed along the way, particularly given that the PLRA allows judges to screen prisoner complaints and dismiss any that are "frivolous or malicious" or that "fail to state a claim on which relief may be granted"—the same criteria for assessing a strike. *Id.* § 1915(e), 1915A.

After dismissing the complaint, the district court advised Gonzalez that he had earned a strike. So he gets one, right? In a word, no. Logically, only the "fourth or later" judge can determine whether a prisoner is trying to "bring a civil action" after having already done so on "three or more prior occasions." *Simons v. Washington*, 996 F.3d 350, 352 (6th Cir. 2021) (quoting 28 U.S.C. § 1915(g)). At that point, the judge evaluating a prisoner complaint is the only one who can look "backwards" and

_____

[2]The full text of the statute provides that

[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* § 1915(g).

determine whether the first three actions were dismissed on one or more of the listed grounds. *See id.*; *see also Hill v. Madison Cnty., Ill.*, 983 F.3d 904, 906 (7th Cir. 2020) ("[W]e have understood § 1915(g) to leave the effective decision to a later tribunal.").

So what does all of this mean for Gonzalez? At most, he has received a warning. *See Simons*, 996 F.3d at 353. The fourth or later judge, to whom the PLRA assigns the task, "must [still] *independently* evaluate" the dismissal, as well as any others, "to determine whether" he has collected three strikes. *Fourstar*, 875 F.3d at 1152. Gonzalez, for his part, remains free to argue that the dismissal does *not* count as a strike, regardless of what the district court told him. *See id.*

B.

This answer has jurisdictional consequences. If the final strike call has yet to be made, then Gonzalez faces no "certainly impending" injury. *Pub. Water Supply Dist. No. 8 v. City of Kearney*, 401 F.3d 930, 932 (8th Cir. 2005). Only when he files "3 or more" actions that have been "dismissed," leading some future judge to conclude that he is no longer eligible for relief from the "prepayment of fees," will the issue ripen into a justiciable controversy. *See* 28 U.S.C. § 1915(a), (g). Indeed, at this point, the record does not reveal how many lawsuits he has filed, much less how many of those might turn out to be strikes. And even if it did, there is still a possibility that the next one he files will involve an "imminent danger of serious physical injury," which will give him relief from the prepayment of fees no matter how many strikes he has accrued. *Id*. § 1915(g). In short, whether the called strike was *correct* is not fit for judicial decision because any hardship is "contingent [on] future events" that may never "occur." *Texas v. United States*, 523 U.S. 296, 300 (1998).

Although we lack jurisdiction on appeal, the situation was different before the district court. At that point, there was a live controversy because the court had to

determine whether Gonzalez's complaint stated a claim, which everyone agrees it had jurisdiction to do. *See* 28 U.S.C. § 1915(e), 1915A. If, in making that determination, it said too much, as Gonzalez now argues, a lack of jurisdiction was not the problem. Rather, in deciding what was then a live controversy, it just made an "unnecessary" and non-binding comment—a statement of dicta, in other words— something that courts do from time to time. *Sanzone v. Mercy Health*, 954 F.3d 1031, 1039 (8th Cir. 2020). What matters is that nothing in Article III prevented it "from alerting" Gonzalez "about the potential consequences that might attend proceeding with future litigation." *Simons*, 996 F.3d at 353; *cf. Camreta v. Greene*, 563 U.S. 692, 704 (2011).

The bottom line is that the district court's statement will only make a difference, if at all, once Gonzalez has passed the three-filings threshold, and even then, only if all three were dismissed. 28 U.S.C. § 1915(g). Then, and only then, will the number of strikes be ripe for adjudication.[3]

## III.

We accordingly dismiss Gonzalez's appeal.

---

[3]We recognize that our decision is in tension with *Dooley v. Wetzel*, 957 F.3d 366, 376–77 (3d Cir. 2020), and *Deleon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004), but we disagree with those courts that a prematurely called strike binds anyone, much less the court that will eventually have to decide whether a prisoner is eligible for relief from the prepayment of fees in some hypothetical future case. Nor do we agree with *Hill*, 983 F.3d at 908 (7th Cir. 2020), that the issue is ripe now based on the possibility that a prematurely called strike could draw a later court into making an error. Rather, we agree with the Sixth and the D.C. Circuits that the court actually faced with a three-strikes argument has the statutory responsibility to "*independently* evaluate" each dismissal. *Fourstar*, 875 F.3d at 1152; *see also Simons*, 996 F.3d at 352–353.

GRUENDER, Circuit Judge, dissenting.

The court ably explains why the question whether the dismissal of Gonzalez's complaint counts as a strike under 28 U.S.C. § 1915(g) is unripe for adjudication. *See ante*, at 4. As the court notes, this means that we lack subject-matter jurisdiction to decide the question. *See ante*, at 4. But it also means that the district court lacked subject-matter jurisdiction to decide the question. *See, e.g.*, *Trump v. New York*, 592 U.S. ---, 141 S. Ct. 530, 536-37 (2020) (per curiam). In my view, the district court did decide the question when it declared, "This dismissal counts as a 'strike' within the meaning of 28 U.S.C. § 1915(g)."

When a district court decides a question outside its jurisdiction, we have the authority to vacate the decision—even if the underlying question lies outside our jurisdiction too, *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 21-22 (1994), and even if the district court's decision "would have no effect on subsequent litigation," *Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 334-35 & n.7 (1980). Accordingly, I would vacate the district court's order and remand with instructions to replace it with an order that does not purport to settle whether the dismissal counts as a strike. *See Dooley v. Wetzel*, 957 F.3d 366, 377-78 (3d Cir. 2020); *Deleon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004).

The court sees no need for vacatur because it views the district court's statement that its "dismissal counts as a 'strike'" as a mere *dictum*. *Ante*, at 5; *accord Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021). But *dicta*, no less than holdings, are statements that help explain a court's decisions. To be sure, *dicta* do not explain a decision in the way that holdings do, by providing a legal basis for it. But *dicta* do explain a decision in other ways, such as by clarifying or providing context for it. *Compare* "Holding," *Black's Law Dictionary* (11th ed. 2019), *with* "Obiter dictum," *Black's Law Dictionary* (11th ed. 2019). This is why *dicta* do not violate the prohibition on advisory opinions. *Contra* Christian R. Burset, *Advisory Opinions and the Problem of Legal Authority*, 74 Vand. L. Rev. 621, 676 (2021)

(characterizing *dicta* as "a kind of loophole to the rule against advisory opinions"). Although Article III limits the judicial power "to actual cases or controversies," *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016), the judicial power is the power not just to decide cases but also to explain those decisions in reasoned opinions, *see Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803) ("Those who apply the rule to particular cases, must of necessity expound and interpret that rule."); *Hanover 3201 Realty, LLC v. Vill. Supermarkets, Inc.*, 806 F.3d 162, 192 (3d Cir. 2015) (Ambro, J., concurring in part and dissenting in part) (noting that a court expounds the law through "opinions explaining the law and reasoning underlying its judgments"). As *dicta* are not themselves decisions of actual cases or controversies, they are consistent with Article III only because they help explain such decisions. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006) (warning that federal courts "have no business . . . expounding the law" except in the course of deciding "a proper case or controversy").

Here, the only decision that Article III empowered the district court to make was how to dispose of Gonzalez's complaint. The strike call was in no way explanatory of this decision. Perhaps "'alerting' Gonzalez 'about the potential consequences'" of dismissal, *see ante*, at 5 (quoting *Simons*, 996 F.3d at 353), could be construed as clarifying or providing context for the decision. But the district court did not merely warn Gonzalez that a future court might count the dismissal as a strike. Instead, it stated: "This dismissal counts as a 'strike' within the meaning of 28 U.S.C. § 1915(g)." I see no way to read this as anything other than a second decision: a pronouncement that purports to settle whether the "dismissal counts as a 'strike' within the meaning of 28 U.S.C. § 1915(g)."

Given that the strike call was neither explanatory nor constitutive of a decision on an actual case or controversy but was instead a decision on a question unripe for adjudication, it exceeded the district court's subject-matter jurisdiction. I would therefore vacate and remand with instructions to issue a new order that leaves

undecided whether the dismissal counts as a strike. Because the court instead dismisses Gonzalez's appeal, I respectfully dissent.

_____