974 F.2d 1345
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Frank MEDEL, Jr., Plaintiff-Appellant,
v.
Gary W. DELAND, Director, Department of Corrections; M.
Eldon Barnes, Warden; Richard Fischer, mail
supervisor, Defendants-Appellees.
 No. 91-4228.
 United States Court of Appeals, Tenth Circuit.
 Aug. 14, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON, and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Frank Medel, Jr., an inmate at the Utah State Prison ("USP"), appeals pro se the district court's judgment in his 42 U.S.C. § 1983 action against Gary DeLand, Executive Director of the Utah Department of Corrections, Eldon Barnes, the USP Warden, and Richard Fischer, USP mail room supervisor (defendants). In his action, and in this appeal, Medel challenges the USP policy of opening mail outside the presence of an inmate. His specific allegation relates to "court" mail, which the USP opens outside the presence of an inmate unless the envelope is marked in a manner which clearly indicates that it is privileged or confidential material. According to Medel, this policy interferes with his right of access to the courts and his right to privacy and confidentiality with respect to his mail.
 
 
 3
 A full hearing on Medel's action was held before the magistrate judge, who then issued a report recommending that Medel's action be dismissed on the merits for failure to establish a constitutional violation. The district court adopted the magistrate judge's recommendation and entered judgment dismissing Medel's action.
 
 
 4
 We agree with the disposition below, substantially on the basis and for the reasons stated in the magistrate judge's report and recommendation. Our examination of the file convinces us that the prison regulation in question, Utah State Department of Corrections, Technical Manual Series, TMF 08 Inmate Mail at § 11.01, satisfies the four factors set forth in Turner v. Saffley, 482 U.S. 78, 89-91 (1987), for determining the validity of a prison regulation. There is a rational connection between the regulation and the governmental interest put forward to justify it. Id. (citing Block v. Rutherford, 468 U.S. 576 (1984)). According to the defendants, the USP mail policy is to maintain institutional safety and security by preventing contraband from entering the prison through the mail; to conserve prison resources of time and money; and to minimize contacts between inmates and staff. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); United States v. Stotts, 925 F.2d 83, 87 (4th Cir.1991); Harrell v. Keohane, 621 F.2d 1059, 1061 (10th Cir.1980).
 
 
 5
 Furthermore, the USP mail policy allows alternatives in that mail which is marked to show that it is confidential legal material is opened in the presence of the inmate. See Wolff v. McDonnell, 418 U.S. 539, 576 (1974); United States v. Stotts, 925 F.2d at 88 (4th Cir.1991). According to Medel, all mail should be opened in the presence of an inmate. As indicated above, that procedure would have an adverse impact on the allocation of prison resources, Turner v. Safely, 482 U.S. 90, and it does not constitute a satisfactory alternative.
 
 
 6
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3