**PUBLISH**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**November 20, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

MARCUS D. WOODSON,

    Plaintiff - Appellant,

v.

TRACY McCOLLUM; BRUCE
BORNHIEM, in their individual capacities;
JOE ALLBAUGH, in his official and
individual capacities; GREG WILLIAMS;
BRENDA GOODSON; KERRY
KENDALL; SHEILA PHILLIPS; AMBER
SWIFT; SAM PRESTON; CARL BEAR;
JASON BRYANT; KRISTIN TIMS; DR.
TROUT; CASEY HAMILTON; HELEN
BELL; MIKE ROGERS; LINDA MONK;
FNU CALLINS; DENNIS HENDRIX;
CHIEF TATE; SHERRY DECAMP;
WARDEN DAVID PARKER; JENETTA
ORR; DARREN GIPSON; LAWRENCE
BELL; BRUCE KIETEL; WILLIAM
WELDON; BARBIE ROUNDSVILLE, in
their individual capacities,

    Defendants - Appellees.

No. 17-6064

_____

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. 5:17-CV-00094-D)**
_____

Submitted on the briefs:[*]

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of

Amir H. Ali, Roderick & Solange MacArthur Justice Center, Washington, D.C., for Plaintiff-Appellant.

Stefanie E. Lawson, Assistant Attorney General, Oklahoma Attorney General's Office, Litigation Division, Oklahoma City, Oklahoma, for Defendants-Appellees.

_____

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

_____

**HARTZ**, Circuit Judge.

_____

Plaintiff Marcus Woodson is a prisoner of the State of Oklahoma. He sued several prison officials in Oklahoma state court, proceeding *in forma pauperis* (IFP) under state law. The defendants removed the case to the United States District Court for the Western District of Oklahoma. As required by federal statute, they paid the filing fee. *See* 28 U.S.C. § 1914(a) ("The parties instituting any civil action . . . whether by original process, *removal* or otherwise" are required to pay the filing fee. (emphasis added)). The federal court, however, determined that Woodson, who had previously abused the federal courts by filing frivolous lawsuits, was not eligible to proceed IFP and dismissed his case because he failed to pay the filing fee. Woodson appeals. Exercising jurisdiction under 28 U.S.C. §1291, we reverse. State-court plaintiffs whose cases are removed to federal court have no obligation to pay a filing fee; nothing in the federal IFP statute is to the contrary.

### I. The Federal IFP Statute

---

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Congress enacted the federal IFP statute, 28 U.S.C. § 1915, to ensure that the poor could take legal action despite their inability to pay court fees. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015). The statute allows courts to "authorize the commencement . . . of any suit . . . without prepayment of fees" if a person files an affidavit stating, among other things, that he "is unable to pay such fees." § 1915(a)(1).

But litigants who do not prepay fees have less economic incentive to refrain from filing frivolous lawsuits. *See Coleman*, 135 S. Ct. at 1762. "Congress came to see that prisoner suits in particular represented a disproportionate share of federal filings." *Id.* It therefore passed the Prison Litigation Reform Act of 1995, which included several measures "designed to prevent sportive filings in federal court." *Skinner v. Switzer*, 562 U.S. 521, 535 (2011). One such provision is the three-strikes rule in § 1915(g), which excludes prisoners who file frequent frivolous lawsuits from the benefits of IFP status. *See id.*; *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013). It states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [§ 1915] if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). A state court is not a "court of the United States" as defined for Title 28 of the United States Code. *See* 28 U.S.C. § 451 ("The term 'court of the United States' includes the Supreme Court of the United States, courts of appeal, district

3

courts constituted by chapter 5 of this title, . . . and any court created by Act of Congress the judges of which are entitled to hold office during good behavior."). The three-strikes rule does not totally bar prisoners with three strikes from filing lawsuits; it just makes them pay the filing fee as any other plaintiff. *See White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1988).

In this case the defendants paid the federal filing fee, so Woodson did not seek to proceed IFP.[1] Nevertheless, the district court ruled that § 1915(g) required him to pay a filing fee because he has had three prior lawsuits dismissed on the grounds that they were frivolous, malicious, or failed to state a claim, and he did not qualify for the exception for prisoners who are in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[2] It therefore dismissed his case.

## II. Analysis

We review de novo the district court's interpretation of § 1915(g). *See Scanlon White, Inc. v. C.I.R.*, 472 F.3d 1173, 1175 (10th Cir. 2006) ("The interpretation of a federal statute is a question of law which this court reviews *de novo*." (internal quotation marks omitted)). We begin by observing that nothing in the statutory language authorizes the district court's dismissal. *See Coleman*, 135 S. Ct. at 1763 (focusing on "the plain language of the statute" when interpreting § 1915(g)). Section 1915(g) applies to prisoners with three strikes who "*bring* a civil

---

[1] Woodson paid this court's filing fee, so he does not seek to proceed IFP on appeal either.

[2] Woodson does not challenge the district court's findings that he has three strikes and failed to meet the imminent-danger exception.

action . . . *under this section*." § 1915(g) (emphasis added). We doubt a prisoner could "bring" an action by filing a case in state court only to have it removed to federal court. *See Harris v. Mangum*, 863 F.3d 1133, 1141 (9th Cir. 2017) ("When a defendant removes a case from state to federal court, it cannot be said that a prisoner-plaintiff was the one who brought the case in federal court."). But regardless, a prisoner certainly does not bring an action "under this section" when he does not seek to proceed IFP under § 1915.

We agree with the only circuit-court opinion we have found that discusses the matter. In *Harris v. Mangum*, 863 F.3d at 1140–41, the Ninth Circuit considered whether a prisoner could be charged with a strike after the district court dismissed an action the defendants removed from state court. In holding that the dismissal did not count as a strike, the court said:

> Section 1915(g) prevents a prisoner with three strikes from filing a case in federal court without prepaying the filing fee, but [the plaintiff] did not file this case in federal court, and he was not required to pay a federal court filing fee. Defendants were the parties who brought this case to federal court when they removed it from state court, and it was their responsibility to pay the federal filing fee, as they did in this case. The statute does not prevent an indigent prisoner-plaintiff with three strikes from proceeding in a case that someone else filed in federal court.

*Id.*

Nor is the policy purpose of § 1915(g) subverted by allowing this suit to proceed without Woodson's paying a filing fee. The three-strikes rule is to deter prisoners from filing meritless lawsuits in *federal* court. *See Skinner*, 562 U.S. at 535. It was not offended by Woodson's pursuing a claim IFP in the Oklahoma

5

courts. That state is free to set less stringent constraints on prisoner litigation. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314-15 (3d Cir. 2001) (recognizing that prisoners ineligible to proceed IFP under § 1915(g) "may seek relief in state court, where limitations on filing I.F.P. may not be as strict" and stating that "[p]otentially negative consequences in *federal* courts, as distinguished from *state* courts, are precisely the consequences intended by Congress"); *Wilson v. Yaklich*, 148 F.3d 596, 605 (6th Cir. 1998) (noting that while § 1915(g) barred the plaintiff from proceeding IFP in federal court, he could still "litigate his federal constitutional causes of action *in forma pauperis* in state court"). And it was not Woodson who sought the federal forum. He did not choose to burden the federal courts; the defendants did.

## III. Conclusion

We reverse the district court's order dismissing Woodson's claims under § 1915(g) and remand for proceedings consistent with this opinion.