BLD-232                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1327
_____

RAHEEM LOUIS-EL,
                            Appellant

v.

WARDEN DAVID EBBERT; R TROUTMAN; BRENT THARP;
SCOT BUEBENDORF; A. COTTERALL; B. CHAMBERS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-18-cv-02207)
District Judge:  Honorable Robert D. Mariani

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 11, 2019
Before:  AMBRO, KRAUSE, and PORTER, Circuit Judges

(Opinion filed:  July 18, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Raheem Louis-El, a federal inmate, appeals from an order of the United States District Court for the Middle District of Pennsylvania, which dismissed his civil rights complaint without prejudice for failure to pay a filing fee or submit required forms to proceed in forma pauperis ("IFP"). As no substantial question is raised by the appeal, we will summarily affirm. See Third Circuit LAR 27.4 and I.O.P. 10.6.

In general, an order dismissing a complaint without prejudice is not appealable, because it is not final within the meaning of 28 U.S.C. § 1291. Welch v. Folsom, 925 F.2d 666, 668 (3d Cir. 1991). However, if "the plaintiff cannot amend or declares his intention to stand on his complaint," the order becomes final and appealable. Borelli v. City of Reading, 532 F.2d 950, 952 (3d Cir. 1976) (per curiam). Louis-El has argued in our Court that he was not required to file an IFP application for this District Court matter. Since it is clear from his position that he has no intention of rectifying his failure to satisfy the District Court fee requirements, we conclude that we have jurisdiction to consider the appeal.

We review for abuse of discretion the District Court's order dismissing Louis-El's complaint for failure to comply with the fee requirements. See Redmond v. Gill, 352 F.3d 801, 803 (3d Cir. 2003). But to the extent Louis-El is arguing that the District Court's interpretation of the law is incorrect, our review is plenary. See Woodson v. McCollum, 875 F.3d 1304, 1306 (10th Cir. 2017). Under either standard of review, we discern no error.

Louis-El argues in his filings here that because the District Court had approved his application to proceed IFP in another case (M.D. Pa. No. 3:18-cv-00877-RDM-DB), the

Court should not have required him to file another application. But that is not how the provisions of the Prison Litigation Reform Act ("PLRA") work. See 28 U.S.C. § 1915(b)(1). Under the law, an "initial partial filing fee is to be assessed on a per-case basis, *i.e.,* each time the prisoner files a lawsuit." Bruce v. Samuels, 136 S. Ct. 627, 629 (2016). Then, if the prisoner has filed more than one complaint, he is assessed "for simultaneous . . . recoupment of multiple filing fees." Id. at 631. Thus, the District Court did not err in once again requiring Louis-El to file the forms that would authorize the Court to assess fees for the second lawsuit.[1]

For the foregoing reasons, we will affirm the District Court's dismissal.

---

[1] Louis-El also seems to suggest in his filings here that the two lawsuits were the same and should not have been filed separately. We take note, however, that the lawsuit filed at M.D. Pa. No. 3:18-cv-00877 is based on a claim of assault and racial discrimination, while the complaint in the current case involves his use of "special mail" to send mail to his mother. There does not appear to be any reason why the District Court should have treated the two cases as one.