**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 17, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

DAVID A. JACKSON-MACKAY,

    Plaintiff - Appellant,

and

ARTHUR D. PENROD; TYLER E.
MCCURDY; AUSTIN D. ANDERSON,

    Plaintiffs,

v.

MICHAEL MCDONALD, Sergeant, Platte
County Detention Center; DAVID
RUSSELL, Captain, Platte County
Detention Center; CLYDE HARRIS,
Sheriff, Platte County Sheriff's
Department; PLATTE COUNTY
WYOMING; PLATTE COUNTY
SHERIFF'S DEPARTMENT; PLATTE
COUNTY DETENTION CENTER;
PLATTE COUNTY COMMISSIONERS,

    Defendants - Appellees.

No. 22-8033
(D.C. No. 2:22-CV-00083-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]

_____

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.

_____

David A. Jackson-Mackay, an inmate at the Platte County Detention Center, appeals the dismissal under Federal Rule of Civil Procedure 12(b)(6) of his[1] civil-rights complaint under 42 U.S.C. § 1983.[2] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in part and remand in part.

The complaint states that all defendants are sued in their individual and official capacities. But it makes no sense to sue a governmental entity in its individual capacity. And "[a] suit against a government agent in his official capacity is treated as a suit against the government." *Mocek v. City of Albuquerque*, 813 F.3d 912, 932 (10th Cir. 2015). Therefore, the district court properly classified the defendants into two groups: First, the County Defendants are the Platte County entities (the Detention Center, the County, the Commissioners, and the Sheriff's Department) and all the individuals sued in their official capacities; the claims

_____

[1] Mr. Mackay brought this litigation with other inmates at the Detention Center, but his co-plaintiffs do not join this appeal.

[2] Although Mr. Mackay has three strikes under 28 U.S.C. § 1915(g) and therefore, absent exceptional circumstances, cannot file a complaint in federal court *in forma pauperis*, or without prepayment of court fees, that provision does not bar this action because it was not Mr. Mackay who chose the federal forum—Defendants removed the case from state court. *See Woodson v. McCollum*, 875 F.3d 1304, 1307 (10th Cir. 2017) ("Section 1915(g) . . . does not prevent an indigent prisoner-plaintiff with three strikes from proceeding in a case that someone else filed in federal court." (internal quotation marks omitted)). It is an open question, however, whether the three-strike bar applies to this appeal. We need not decide this novel issue here because "we have long recognized that we retain discretion to ignore the three-strikes rule and reach the merits of an appeal." *Smith v. Veterans Admin.*, 636 F.3d 1306, 1309 (10th Cir. 2011). We therefore address the merits of this appeal.

against them were treated as "simply a suit against Platte County." Order at 4,

*Jackson-Mackay v. McDonald*, No. 2:22-CV-00083-SWS (D. Wyo. May 26, 2022),

ECF No. 47. Second, the Individual Defendants are the three officials at the

Detention Center sued in their individual capacities.

Mr. Mackay alleges that the defendants violated his rights under the First and

Fourteenth Amendments to the United States Constitution by instituting a policy

(1) that required Detention Center officials to scan mail received from courts into the

Detention Center's electronic kiosk system instead of opening it in the presence of

the addressee inmate, and (2) that forbade inmates from sealing their own outgoing

court mail.[3] His principal claim is that the policy violated his constitutional right of

access to the courts. But he contended in his response to the Individual Defendants'

motion to dismiss that the complaint encompasses two additional claims: that the

policy violated (1) his due-process rights under the Fourteenth Amendment and

(2) his free-speech rights under the First Amendment.

The district court granted the Individual and County Defendants' motions to

dismiss. We affirm the dismissal of Mr. Mackay's access-to-courts claim for

substantially the same reason the district court gave: Mr. Mackay did not show that

the mail policy "frustrated or impeded" his nonfrivolous litigation efforts. *Gee v.*

---

[3] Mr. Mackay also raises a claim under the Sixth Amendment. We dispose of this issue summarily because that Amendment does not support Mr. Mackay's civil-rights claim regarding court mail. The Supreme Court held in a case examining inmate access to mail: "As to the Sixth Amendment, its reach is only to protect the *attorney-client relationship* from intrusion in the *criminal setting*." *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974) (emphases added).

*Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010). We also conclude that Mr. Mackay did not preserve a due-process claim for appeal. But because a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation and internal quotation marks omitted), we hold that Mr. Mackay adequately raised his claim that the mail policy violated his First Amendment right to free speech. The Individual Defendants are entitled to qualified immunity from this claim because no clearly established law holds that the mail policy violated the Constitution. But "an entity defendant is not entitled to qualified immunity," *Callahan v. Unified Gov't of Wyandotte Cnty.*, 806 F.3d 1022, 1030 (10th Cir. 2015), so we remand for further consideration the question, which the district court did not address, whether Mr. Mackay's free-speech claim against the County Defendants stated a claim upon which relief can be granted.

## I.    ANALYSIS

"We review *de novo* a district court's decision on a Rule 12(b)(6) motion for dismissal for failure to state a claim." *Waller v. City & County of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019). "In reviewing a motion to dismiss, we accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). Because Mr. Mackay appears pro se, we construe his pleadings liberally. *See id.* Still, "conclusory allegations without supporting factual averments are insufficient to state

4

a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A city or county "can be directly sued under § 1983 when its officers commit constitutional violations in accordance with the municipality's official policy. But liability will not attach where there was no underlying constitutional violation by any of the municipality's officers." *Ellis ex rel. Est. of Ellis v. Ogden City*, 589 F.3d 1099, 1104 (10th Cir. 2009) (brackets, citation, and internal quotation marks omitted); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (treating a county as a municipality for purposes of § 1983 actions). We therefore begin by addressing whether the complaint identifies any constitutional violations.

### A. Access-to-Courts Claim

To bring an access-to-courts claim "a prisoner must demonstrate actual injury from interference with his access to the courts—that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement." *Gee*, 627 F.3d at 1191. Mr. Mackay's complaint does not make this showing. It does not allege any facts demonstrating that the Detention Center's outgoing-mail policy hindered Mr. Mackay's efforts to pursue legal claims concerning his conviction or conditions of confinement. Regarding incoming mail, his complaint simply alleges, "When the Defendants[] began scanning incoming court mail, including blank self-help fill-in-the-blank court forms, the Defendants' conduct amounted to obstructing Plaintiffs'

5

access to the courts. The Defendants' obstructive conduct frustrated and impeded Plaintiffs' ability to file and pursue civil rights claims against another jail." Aplt. App., Vol. I at 31. As the district court ruled, these are conclusory allegations that do not explain *how* any litigation was hampered.

Mr. Mackay made somewhat more specific allegations in his response to the Individual Defendants' motion to dismiss, claiming:

> Plaintiffs[] received a court's "Memorandum and Order" in March 2022 from the United States District Court for the District of Nebraska, requiring [them] to complete the "enclosed form," which was a fill-in-the-blank form the court had provided. . . . [I]f Plaintiffs[] failed to complete and return the form by a specified date, the action would be subject to dismissal.

Aplt. App., Vol. II at 83–84. Mr. Mackay did not provide the name or number for the case to which he referred. But in his brief on appeal, he lists a case number for *Jackson-Mackay et al. v. Cotant et al.*, No. 8:22CV00010 (D. Neb.). For the first time, he contends that because the defendants "intercept[ed] these forms [from the Nebraska district court], [Mr. Mackay] and his co-parties were unable to timely file those documents with the Court and had no alternative means by which to access those forms or similar forms." Aplt. Br. at 7. These allegations come far too late to cure deficiencies in the complaint. But we note that in any case, the record of the Nebraska federal court shows that the order that Mr. Mackay complains of was

6

directed only at his co-plaintiffs, and they were able to comply with the court order anyway.[4]

The district court properly dismissed the access-to-courts claim against all the defendants because there was no constitutional violation.

## B. Due-Process Claim

In his response to the Individual Defendants' motion to dismiss, Mr. Mackay contended that one of the claims he brought was "a due process . . . case." Aplt. App., Vol. II at 83. But his brief on appeal does not argue that his due-process rights were violated, or argue that the district court erred in failing to address a due-process claim. Nor do we see an allegation of a denial of due process in his complaint. We therefore consider the issue forfeited and waived. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue.").[5]

---

[4] Because it is a matter of public record, we can take judicial notice of the docket in *Jackson-Mackay v. Cotant*, No. 8:22CV00010. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

[5] We note that some of Mr. Mackay's pleadings also may suggest that he is making an equal-protection claim. In his response to the Individual Defendants' motion to dismiss, he wrote that "Defendants[] arbitrarily engaged in a course of conduct that singled out a select group of inmates" and that he was not treated like other "similarly situated inmates." Aplt. App., Vol. II at 83. And he makes a similar allegation in his appellate brief. *See* Aplt. Br. at 2, 6. ("[T]he Appellees[] did not equally apply this policy to all inmates at the Platte County Detention Center; instead, the Appellees[] arbitrarily and capriciously applied this 'policy' only to certain inmates with whom the Appellees[] were irritated"; "the issues raised in the District Court Complaint were not regarding a single incident of opening or reading Court mail. It was a policy or custom that was recently instituted and was a blanket policy for specific inmates that chose to challenge the jail staff's conduct."). But the complaint did not allege facts showing disparate treatment of similarly situated

## C. Free Speech Claim

As we have noted, the district court addressed only whether Mr. Mackay had adequately pleaded an access-to-courts claim. But in our view Mr. Mackay also adequately presented an argument (the merit of which was not resolved below) that the mail policy was unconstitutional under the First Amendment's Free Speech Clause. In his complaint Mr. Mackay asserted that the mail policy violated his rights under the First Amendment. He alleged that "Plaintiffs[] have a constitutional right to communicate with the Court freely and unobstructed" and that "Defendants' conduct of inspecting and reading both incoming and outgoing Court mail outside of Plaintiffs' presence create[d] a chilling effect and is a violation of Plaintiffs' rights." Aplt. App., Vol. I at 28. He also cited cases that recognize an inmate's First Amendment interest in having incoming legal mail opened only in the inmate's presence. *See Merriweather v. Zamora*, 569 F.3d 307, 317 (6th Cir. 2009); *Jones v. Brown*, 461 F.3d 353, 358 (3d Cir. 2006); *see also* 28 CFR § 540.19 (defining *legal mail* as "mail from courts or attorneys" and indicating that such mail is to be opened in the inmate's presence).

Further, in his response to the Individual Defendants' motion to dismiss, Mr. Mackay stated that his was "a freedom of speech case." Aplt. App., Vol. II at 83. And in his response to the County Defendants' motion to dismiss, he reiterated the assertions that "mail to and from the courts should be opened in the presence of

---

persons and his later pleadings do not develop the necessary elements of a claim. We therefore need not address this possible claim.

8

inmate-addressee[s]" and that the mail policy "clearly impedes [Plaintiffs'] access to the court *and violates their First Amendment rights*." *Id.* at 179, 181 (emphasis added). He cited *Jones* in both responses to the motions to dismiss. Finally, Mr. Mackay's appellate brief cites *Merriweather* and *Jones* and claims that "Appellees' conduct of inspecting and presumably reading both incoming and outgoing mail to and from the Courts outside of the Appellant's presence creates a 'chilling effect' and violates the Appellant's constitutional rights." Aplt. Br. at 5. As a pro se litigant, Mr. Mackay adequately preserved the issue.

Nevertheless, we affirm the dismissal of the First Amendment claim against the Individual Defendants. They raised qualified immunity as an affirmative defense to all the claims. "A § 1983 defendant's assertion of qualified immunity is an affirmative defense that creates a presumption that the defendant is immune from suit. To overcome this presumption, the plaintiff must show (1) the defendant's actions violated a constitutional or statutory right, and (2) that right was clearly established at the time of the defendant's complained-of conduct." *Truman v. Orem City*, 1 F.4th 1227, 1235 (10th Cir. 2021) (brackets, citation, and internal quotation marks omitted). To show that the law was clearly established, a plaintiff must ordinarily identify "an on-point Supreme Court or published Tenth Circuit decision that establishes the unlawfulness of the defendant's conduct [or show that] the clearly established weight of authority from other courts . . . ha[s] found the law to be as the plaintiff maintains." *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir. 2019) (original brackets and internal quotation marks omitted).

9

Mr. Mackay has not pointed to any decision of this court or the Supreme Court that clearly establishes his right to have incoming court mail opened in his presence or to seal his own outgoing mail. And we held in an unpublished opinion that a prison regulation allowing officials to open incoming mail not marked as confidential legal material without the inmate-addressee present "satisfie[d] the four factors set forth in *Turner v. Saf*[]*ley*, 482 U.S. 78, 89–91 (1987), for determining the validity of a prison regulation" and did not violate an inmate's "right of access to the courts and his right to privacy and confidentiality with respect to his mail." *Medel v. Deland*, 974 F.2d 1345 (tbl.), 1992 WL 201073, at *1 (10th Cir. 1992). *See Grissom v. Roberts*, 902 F.3d 1162, 1168 (10th Cir. 2018) ("an unpublished opinion can be quite relevant in showing that the law was *not* clearly established"; indeed, we "presume that an unpublished decision was not contrary to clearly established law at the time.").

But the qualified immunity that protects the Individual Defendants does not protect the County Defendants. *See Callahan*, 806 F.3d at 1030. We think the proper course is to remand the claims against them to the district court for consideration in the first instance.

### D. Declaratory Judgment

Finally, Mr. Mackay appeals the district court's failure to issue a declaratory judgment that the mail policy was unconstitutional and requests a judicial decision "regarding whether or not Court mail should be treated as special (legal) mail." Aplt. Br. at 10. The second request was never made to the district court, so we decline the

10

invitation to opine on the scope of "legal mail." As for a declaration of unconstitutionality, it would hardly be appropriate with respect to the claims that we have rejected on the merits. We leave to the district court to determine what remedy, if any, would be appropriate on Mr. Mackay's First Amendment claim.

## II.    CONCLUSION

We **AFFIRM** the judgment below in all respects except that we **REMAND** to the district court for further proceedings Mr. Mackay's free-speech claim against the County Defendants.

Entered for the Court

Harris L Hartz
Circuit Judge