RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 24a0255p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

HORACE W. CRUMP, JR.,

               *Plaintiff-Appellant*,

   *v.*

JANE BLUE, LCF Nurse, NATHAN MIKEL, LCF Health
Unit Manager (HUM), TIMOTHY SHAW, LCF Resident
Unit Manager (RUM), and SUZANNE E. GROFF, LCF
Nurse Practitioner (NP), in their personal capacities,

               *Defendants-Appellees*.

No. 24-1126

─────────────────

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:23-cv-01353—Sally Berens, Magistrate Judge.

Argued: October 29, 2024

Decided and Filed: November 15, 2024

Before: SUTTON, Chief Judge; READLER and BLOOMEKATZ, Circuit Judges.

─────────────────

## COUNSEL

**ARGUED:** Logan L. Page, WILKINSON STEKLOFF LLP, Washington, D.C., for Appellant.
**ON BRIEF:** Logan L. Page, Dhruti Patel, WILKINSON STEKLOFF LLP, Washington, D.C.,
for Appellant.

     SUTTON, C.J., delivered the opinion of the court in which READLER and
BLOOMEKATZ, JJ., joined. READLER, J. (pp. 10–12), delivered a separate concurring
opinion.

—————————————

**OPINION**

—————————————

SUTTON, Chief Judge.   While incarcerated at the Lakeland Correctional Facility in Michigan, Horace Crump filed this § 1983 action against several prison employees, alleging that they withheld treatment for his multiple sclerosis.   At stake at this stage in the case is not whether the prison employees withheld this medical treatment; it is whether Crump's lawsuit may go forward before he pays the required filing fee.   The district court held that it could not.   We vacate and remand.

I.

Anyone who files a lawsuit in federal court presumptively must pay a filing fee.   *See* 28 U.S.C. § 1914(a).   And anyone who cannot pay the fee may ask to proceed "in forma pauperis," a status that allows the litigant to pay the fee over time or sometimes not at all.   *See id.* § 1915(a)–(b).   Under the Prison Litigation Reform Act, prisoners may lose this privilege.   They must pay the fee upfront if courts have dismissed three or more of their prior "action[s] or appeal[s]" as "frivolous, malicious, or [for] fail[ing] to state a claim."   *Id.* § 1915(g).   Prisoners "under imminent danger of serious physical injury" are exempt from this three-strikes rule.   *Id.*

When Crump filed his lawsuit, he did not pay his filing fee and instead sought leave to proceed in forma pauperis.   The district court held that the Act's three-strikes rule disqualified him from obtaining relief under this exception and dismissed his complaint.   Crump appeals, disputing two of the three strikes.

II.

To bring the issue into view, it helps to describe Crump's prior cases at the outset.   In one of them, the district court dismissed Crump's federal claims for failure to state a claim and declined to exercise supplemental jurisdiction over his state-law claims.   *Crump v. Patrick et al.*, No. 1:11-cv-15 (W.D. Mich. Feb. 18, 2011).   In the other case, the court dismissed Crump's claims against some defendants for failure to state a claim and declined to review the claims

against one defendant due to the Eleventh Amendment. *Crump v. Armstrong et al.*, No. 2:11-cv-45 (W.D. Mich. Sept. 27, 2013). In each of these mixed-claim cases, Crump's complaint was dismissed in part for grounds not expressly listed in the Act's three-strikes rule.

That backdrop tees up this question: When, if ever, do mixed-claim actions, those involving claims covered by the Act and claims not covered by the Act, count as strikes under the Prison Litigation Reform Act?

The language of the Act offers an initial clue. It states that a prisoner may not "bring a civil action or appeal a judgment" in forma pauperis if the prisoner has three or more times "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). The Act, notably, refers to "action[s] or appeal[s]," not claims, when it mentions what counts as a strike. *See id.* "Action" ordinarily means the entire case containing one or multiple claims. *See, e.g.*, Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief . . . ."). This language suggests that all claims in a complaint, not just some of them, must be dismissed on grounds listed in the Act for the dismissal to count as a strike.

Congress's use of "action" elsewhere in the Act supports this reading. When it uses "action" in other places in the Act, it does so in a way that refers to a lawsuit or proceeding, not individual claims. *See, e.g.*, 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to bring a civil action or appeal a judgment in a civil action . . . ."); *id.* § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis . . . ."); *id.* § 1915(f)(1) ("Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings . . . ."). Congress usually gives the same word the same meaning throughout a single act. *See Cochise Consultancy, Inc. v. United States ex rel. Hunt*, 587 U.S. 262, 268 (2019). That unrebutted inference indicates that "action" does not refer to individual claims.

In the Act, Congress also showed that it knew how to refer separately to claims when it wished. *See, e.g.*, 28 U.S.C. § 1915A(b) ("[T]he court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . ."). Its decision not to do so in the three-strikes provision is telling. The omission suggests that an "action" refers to

a case, not a claim within it—that an "action," in other words, is "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim" only when all of its claims are dismissed on those grounds. *Id.* § 1915(g).

This reading also comes with the comfort of common sense. Imagine if some claims in an action were dismissed for failure to state a claim, and others proceeded to succeed on the merits. It would be strange to attribute a failure-to-state-a-claim strike to an inmate who won the action's war if not its every battle. *See Thompson v. DEA*, 492 F.3d 428, 432 (D.C. Cir. 2007).

Nearly all of our sister circuits interpret the Act in this way. Take the Second Circuit: "We therefore hold, consistent with our sister circuits and the plain language of § 1915(g), that a prisoner's entire 'action or appeal' must be dismissed on a § 1915(g) ground to count as a strike under the PLRA." *Escalera v. Samaritan Vill.*, 938 F.3d 380, 382 (2d Cir. 2019) (per curiam). And the Third Circuit: "[T]he plain text of § 1915(g) precludes [the] view that a mixed dismissal is a strike. That is because a mixed dismissal is not a dismissal of the action on one or more of the three enumerated grounds." *Talley v. Wetzel*, 15 F.4th 275, 280 (3d Cir. 2021). And the Fourth Circuit: "[W]e conclude that 'action' in § 1915(g) unambiguously means an entire case or suit. Therefore, § 1915(g) requires that a prisoner's entire 'action or appeal' be dismissed on enumerated grounds in order to count as a strike." *Tolbert v. Stevenson*, 635 F.3d 646, 651 (4th Cir. 2011). And the Fifth Circuit: "The statute speaks of 'actions,' not 'claims,' that were dismissed as frivolous, malicious, or for failure to state a claim. The ordinary meaning of 'action' is the entire lawsuit." *Brown v. Megg*, 857 F.3d 287, 290 (5th Cir. 2017). And the Seventh Circuit: "Here we believe that the obvious reading of the statute is that a strike is incurred for an action dismissed *in its entirety* on one or more of the three enumerated grounds." *Turley v. Gaetz*, 625 F.3d 1005, 1008–09 (7th Cir. 2010). And the Ninth Circuit: "Here, the statutory language is clear—if a case was not dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g)." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019). And the D.C. Circuit: "[I]f a court dismisses one or more of a prisoner's claims for a reason that is not enumerated in the PLRA, the case does not count as a strike." *Fourstar v. Garden City Grp., Inc.*, 875 F.3d 1147, 1151–52 (D.C. Cir. 2017).

Gauged by this interpretation, Crump's prior actions—one that included a decision not to exercise supplemental jurisdiction over state-law claims and one that included a dismissal on Eleventh Amendment immunity grounds—do not count as strikes. Take each in turn.

*Supplemental jurisdiction.* In the first action, the district court dismissed Crump's federal claims for failure to state a claim and declined to exercise supplemental jurisdiction over his state-law claims. *Crump v. Patrick et al.*, No. 1:11-cv-15 (W.D. Mich. Feb. 18, 2011). This dismissal does not count as a strike. When the court declined to exercise supplemental jurisdiction, it did not dismiss the state-law claims as frivolous, malicious, or for failure to state a claim. To the contrary, it chose not to address the merits of those claims. Because the dismissal of Crump's state-law claims falls outside the three-strikes rule's enumerated grounds, his action does too.

We have considerable company in reaching this conclusion in the context of this kind of claim. The Third, Ninth, and D.C. Circuits all hold that the dismissal of a mixed-claim action like this one—involving a district court's refusal to exercise supplemental jurisdiction over a state-law claim—does not count as a strike. *See Talley*, 15 F.4th at 279–80; *Harris*, 935 F.3d at 674; *Fourstar*, 875 F.3d at 1151–52. We know of no appellate court that has followed a different approach with respect to such dismissals.

*Sovereign immunity.* Turn to Crump's other dismissed action. In this one, a court dismissed Crump's claims against the Michigan Department of Corrections as barred by the Eleventh Amendment and against the Department's officers for failing to state a claim. *Crump v. Armstrong et al.*, No. 2:11-cv-45 (W.D. Mich. Sept. 27, 2013). The dismissal of this action, too, does not count as a strike.

A dismissal premised on Eleventh Amendment immunity does not appear on the list of grounds for a cognizable strike. *See* 28 U.S.C. § 1915(g). An Eleventh Amendment dismissal does not necessarily count as frivolous. It does not necessarily count as malicious. And it does not count as a failure to state a claim.

Congress, notably, showed that it knew how to deal with immunity issues elsewhere in the Act. Only two subsections up, the Act requires courts to dismiss civil actions "at any time" if

they determine that the action is frivolous, malicious, fails to state a claim—the three grounds in the three-strikes rule—or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2); *see also id.* § 1915A(b). One such immunity derives from the Eleventh Amendment. *See Hans v. Louisiana*, 134 U.S. 1, 15 (1890). It's fair to infer that Congress acted "intentionally and purposely" when it included this language in that subsection but not in the nearby three-strikes rule. *See Russello v. United States*, 464 U.S. 16, 23 (1983) (quotation omitted).

One other indicator confirms this reading. Notice how the Act invokes Civil Rule 12(b)(6)'s "failure to state a claim" language. *Coleman v. Tollefson*, 733 F.3d 175, 177 (6th Cir. 2013). Dismissals under Eleventh Amendment immunity do not fall under that Rule. They instead come under Rule 12(b)(1), which covers dismissals for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1); *Ladd v. Marchbanks*, 971 F.3d 574, 577 & n.2 (6th Cir. 2020). A dismissal premised on the Eleventh Amendment is not a dismissal premised on the merits—the failure to state a claim.

An Eleventh Amendment dismissal also does not by its terms count as a frivolous or malicious action. "[T]here is nothing necessarily frivolous or malicious in bringing an action for which the court lacks jurisdiction." *Thompson*, 492 F.3d at 437. Sure, in a given case, a claimant *might* frivolously or maliciously ignore an immunity defense. But the district court made no such finding here. *See Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1284 (11th Cir. 2016) ("[W]e cannot conclude that an action or appeal 'was dismissed on the grounds that it is frivolous' unless the dismissing court made some express statement to that effect." (quoting 28 U.S.C. § 1915(g))); *cf. Escalera*, 938 F.3d at 384 (noting "that there may be cases where the prisoner's argument for subject matter jurisdiction is so baseless that the action or appeal may be considered frivolous," but that the "district court did not determine" so here (quotation omitted)); *Haury v. Lemmon*, 656 F.3d 521, 523 (7th Cir. 2011) (per curiam) (same).

Other appellate courts generally follow this approach when it comes to immunity dismissals. *See Ball v. Famiglio*, 726 F.3d 448, 463 (3d Cir. 2013) (holding that "dismissal based on the immunity of the defendant . . . does not constitute a PLRA strike, including a strike based on frivolousness, unless a court explicitly and correctly concludes" so); *Harris*, 935 F.3d

at 675–76 (holding that a dismissal in part for quasi-judicial immunity was not a strike because "Congress' omission of immunity-based dismissal from the strike provision in § 1915(g) evidences its intent generally not to include this dismissal ground as a strike"). *But see Prescott v. UTMB Galveston Tex.*, 73 F.4th 315, 320 (5th Cir. 2023) (holding without analysis that a prior action was dismissed for failing to state a claim, in part because the Eleventh Amendment immunized the defendant and was thus a strike).

*Pointer v. Wilkinson* does not alter this conclusion, whether with respect to a dismissal of supplemental state-law claims or a dismissal on Eleventh Amendment grounds. 502 F.3d 369 (6th Cir. 2007). The prisoner in that case incurred a strike when the district court dismissed his mixed-claim complaint because he failed to exhaust some claims and because the others failed to state a claim. *Id.* at 377. Even though the three-strikes rule does not mention failure to exhaust, we reasoned that the purpose of the Act was to stem the tide of meritless prisoner litigation, and there was nothing meritorious about claims that were unexhausted or failed to state a claim. *Id.* at 373–75. We therefore called the whole action a strike. *Id.* at 377.

While we appreciate that the breadth of *Pointer*'s mixed-claim reasoning could extend to today's mixed-claim dismissals, we see no good ground to extend the decision beyond its holding. *Pointer*'s reasoning has not fared well in the other circuits, and it's not clear that it respects the language of the Act. Either way, the essential point today is that *Pointer*'s holding does not cover these dismissals. A dismissal for failure to exhaust is different in kind from today's dismissals. A failure to exhaust is an affirmative defense that defeats liability. *Jones v. Bock*, 549 U.S. 199, 216 (2007). A refusal to exercise supplemental jurisdiction and an Eleventh Amendment dismissal amount to defenses that avoid deciding liability altogether. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009) ("Its decision declining to exercise [supplemental jurisdiction] was . . . its discretionary choice not to hear the claims . . . ."); *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) ("[R]ather than an affirmative defense, the Eleventh Amendment is a true jurisdictional bar . . . ."). In this setting, we have no warrant to decide whether Crump's state-law claims and claims against the immune defendant "inject[ed] merit" into his complaints. *See Pointer*, 502 F.3d at 373 (quotation omitted).

*Pointer*'s progeny do not alter this conclusion.  In *Pointer*'s 17-year tenure in the Federal Reporter, we have relied on it just twice when analyzing mixed-claim dismissals that turn only in part on dismissals premised on the enumerated grounds in the Act.  *See Taylor v. First Med. Mgmt.*, 508 F. App'x 488 (6th Cir. 2012); *Sublett v. McAlister*, No. 20-5190, 2020 WL 8614219 (6th Cir. Oct. 9, 2020).  Both cases led to unpublished decisions, which do not bind later courts. *Sun Life Assurance Co. of Can. v. Jackson*, 877 F.3d 698, 702 (6th Cir. 2017).  In both cases, the courts looked at different types of dismissals from those at issue here.  *Taylor*, 508 F. App'x at 495–96 (dismissed in part for failure to state a claim and in part because the parties either settled on the merits or voluntarily dismissed the claims); *Sublett*, 2020 WL 8614219, at *2 (dismissed at summary judgment because the prisoner's claim was frivolous as to one defendant and failed on the merits as to the other).  And in both cases, the courts looked at whether the claims had merit, not whether the court should hear the claims at all.  *Taylor*, 508 F. App'x at 497–98 (noting that "Taylor never proved the claims dismissed without prejudice had merit" and that the prior dismissal "counts as a strike . . . if the [district] court finds that there was not a settlement on the merits"); *Sublett*, 2020 WL 8614219, at *4 ("The district court properly assessed a strike for Sublett's retaliation claim against [one of the two defendants] after concluding that it was frivolous."); *see also Simons v. Washington*, 996 F.3d 350, 352–54 (6th Cir. 2021) (holding that a court that dismisses an action cannot "bind a later court with its strike determination," as our court purported to do in *Sublett*).

*Pointer* has obtained limited traction outside of our circuit.  To our knowledge only the Tenth Circuit has followed *Pointer*, and only for its holding with respect to failure-to-exhaust claims.  *Thomas v. Parker*, 672 F.3d 1182, 1183–85 (10th Cir. 2012).  Notably, that court started by reaffirming the "well established" rule that a "partial dismissal based on one of the grounds enumerated in § 1915(g) is generally not a proper basis for assessing a strike."  *Id.* at 1183. Then, it read *Pointer* only for the narrow proposition that a dismissal in part for failure to exhaust and in part for failure to state a claim counted as a strike.  *Id.* at 1184–85.  The Tenth Circuit's approach confirms, rather than undermines, our approach.

We appreciate the risk that prisoners could add meritless state-law claims or claims against immune defendants to their federal claims to try to avoid strikes.  But district courts are

not without recourse.  A district court facing that situation retains the authority to dismiss such a claim, label the claim frivolous, and assess a strike.  *See, e.g.*, *Talley*, 15 F.4th at 282; *Tolbert*, 635 F.3d at 653–54; *Fourstar*, 875 F.3d at 1152.

We vacate the district court's judgment and remand for further proceedings.

---

**CONCURRENCE**

---

CHAD A. READLER, Circuit Judge, concurring.  For purposes of the Prison Litigation Reform Act, a prisoner incurs a strike if a prior "appeal" or entire "action" was "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).  Missing from that list, today's opinion recognizes, are dismissals based on jurisdiction.  That means Horace Crump's prior complaints that were dismissed in part because the district court declined to exercise supplemental jurisdiction over tagalong state-law claims do not count as strikes.  The same goes for Crump's complaint dismissed on Eleventh Amendment grounds.  Writing on a clean slate, one might well conclude that a prisoner who files an otherwise meritless complaint should not avoid incurring a PLRA strike simply because he includes a state-law claim or a claim barred by sovereign immunity.  But, again, Congress has indicated otherwise in the PLRA, an indication we dutifully follow.  After all, our "task is to apply the text [of the PLRA], not to improve upon it," as much as we might think to do so. *Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 126 (1989).

Yet that does not make a district court's job any easier.  Consider the challenges faced by the courts on litigation's frontlines.  District courts experience a "flood" of prisoner complaints, "[m]ost" of which "have no merit" and are often frivolous. *Jones v. Bock*, 549 U.S. 199, 203 (2007).  Roughly a tenth of federal district court dockets are consumed by prisoner civil rights or conditions of confinement claims. *See* Admin. Off. of the U.S. Cts.*, Judicial Facts and Figures* tbl. 4.4 (2023), https://perma.cc/L8LN-MSBQ.  The PLRA's three strikes provision helps identify the meritorious needles in that enormous haystack. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1726 (2020).  But taking jurisdictional dismissals out of the mix considerably weakens the force of the strike rule.

With 42 U.S.C. § 1983 and the Federal Tort Claims Act as the primary vehicles for prisoner complaints, questions regarding supplemental jurisdiction and sovereign immunity naturally arise. *See Santana v. United States*, 98 F.3d 752, 755 (3d Cir. 1996).  Start with § 1983.  There, Congress, "created a species of federal tort liability for individuals to sue state

and local officers for deprivations of constitutional rights." *Thompson v. Clark*, 142 S. Ct. 1332, 1336–37 (2022).  Conduct violating these federally created rights can also violate state law, thereby triggering state-law claims.  *See Monroe v. Pape*, 365 U.S. 167, 183 (1961) ("The federal remedy is supplementary to the state remedy . . . .").  And then consider the FTCA, where questions of sovereign immunity are paramount.  *See Milligan v. United States*, 670 F.3d 686, 692 (6th Cir. 2012) (instructing district court to dismiss for lack of subject matter jurisdiction any suit that falls within the FTCA's exceptions to its limited waiver of sovereign immunity).

With today's opinion, the crafty prisoner could well aim to strike proof his complaint. The limits on exercising supplemental jurisdiction offer one avenue for doing so.  The traditional "rule of thumb" or presumption adopted by the Supreme Court and codified in statute counsels a district court to "decline supplemental jurisdiction if the underlying claims are dismissed before trial."  13D Charles Alan Wright et al., *Federal Practice & Procedure* § 3567.3 (3d ed. 2024); *see also* 28 U.S.C. § 1367(c)(3).  In other settings, that tendency makes sense.  Why waste time and effort adjudicating the merits of claims that otherwise could not have been brought in federal court?    But to the savvy prisoner, aware that district courts often decline to exercise pendent jurisdiction, an end run around the three strikes rule becomes apparent:  graft a state-law claim onto every § 1983 complaint and avoid incurring a strike.  Indeed, Crump himself tacked on identical, cursory language in both prior suits at issue here as the basis for separate state-law claims.  *Compare* Complaint ¶ 21, *Crump v. Patrick*, No. 11-cv-15 (W.D. Mich. Feb. 18, 2011), ECF No. 1 (complaining of "torts of injuries to personal liberties, gross negligence, and the intentional infliction of mental and emotional distress"), *with* Complaint ¶ 55, *Crump v. Armstrong*, No. 11-cv-45 (W.D. Mich. May 16, 2011), ECF No. 1 (same).

So when faced with a prisoner complaint containing a jurisdictional flaw, what is a district court to do to prevent strike proofing?  While perhaps not in line with the judicial efficiency goals undergirding the PLRA, district courts worried about vexatious prisoner litigation might consider giving cases more attention at the front end to ensure that strikes are properly awarded.  As today's opinion rightly recognizes, dismissing a claim on jurisdictional grounds does not handcuff the district court from further recognizing as an ancillary matter that the claim is also strike worthy—that is, it also fails to state a claim, is frivolous, or is malicious.

*See* Maj. Op. at 9; *cf. Willy v. Coastal Corp*., 503 U.S. 131, 137–38 (1992) (permitting a federal court to consider issues collateral to the merits, such as sanctions and contempt proceedings, even where it otherwise lacks subject matter jurisdiction). Likewise, with respect to tagalong state-law claims, a district court could choose to adjudicate the merits of those claims, particularly when they are neither novel nor difficult. *Brazinski v. Amoco Petroleum Additives Co*., 6 F.3d 1176, 1182 (7th Cir. 1993). Similarly, district courts should be wary of unnecessarily attaching the "jurisdictional label" to resolve a claim. *See Arbaugh v. Y&H Corp.,* 546 U.S. 500, 510 (2006) (observing that courts sometimes have "been profligate in [their] use of the term" jurisdictional). The *Armstrong* strike here is a good example. The district court suggested that a jurisdictional infirmity (Eleventh Amendment) existed with the underlying § 1983 lawsuit against the Michigan Department of Corrections. Yet the district court seemingly should have framed its decision as a dismissal for a lack of a cause of action, as § 1983 does not authorize suits against state entities, and therefore does not implicate state sovereign immunity as a statutory matter. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65 (1989); *Gean v. Hattaway*, 330 F.3d 758, 766–67 (6th Cir. 2003) ("*Will* removes persons acting in their official capacities on behalf of the State from the scope of § 1983 altogether, thereby eliminating the need for a court to undertake any sort of immunity analysis with respect to such a claim"); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 96 (1998) ("[N]onexistence of a cause of action was no proper basis for a jurisdictional dismissal.").

So where does that leave us? Congress could step in to add jurisdictional dismissals to the PLRA strike provision. Until it does, district courts may be well served by more proactively assessing jurisdictional dismissals of prisoner claims, with an eye on whether the claim is also frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* Maj. Op. at 9 (recognizing a district court "retains the authority" to assess a strike when dismissing a claim on jurisdictional grounds).