RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 25a0194p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

DAVARIOL MARQUAVIS TAYLOR,

         *Plaintiff-Appellant*,

    *v.*

NURSE STEVENS; CORRECTIONAL OFFICER VICKS, DEPUTY WARDEN JAMES; DR. FALK,

         *Defendants-Appellees*.

No. 25-1003

Appeal from the United States District Court for the Western District of Michigan at Marquette.
No. 2:24-cv-00178—Ray S. Kent, Magistrate Judge.

Decided and Filed: July 25, 2025

Before: CLAY, GILMAN, and BLOOMEKATZ, Circuit Judges.

───────────────

**COUNSEL**

───────────────

**ON BRIEF:** Christine A. Monta, RODERICK & SOLANGE MACARTHUR JUSTICE CENTER, Washington, D.C., for Appellant.

───────────────

**OPINION**

───────────────

BLOOMEKATZ, Circuit Judge. Davariol Marquavis Taylor sued several members of the correctional staff at the Marquette Branch Prison (MBP) and moved to proceed in forma pauperis. The district court denied his motion under the Prison Litigation Reform Act's (PLRA) "three-strikes" rule, and then dismissed his suit. But Taylor has only two PLRA "strikes," not three. So we vacate and remand.

**BACKGROUND**

Ordinarily, anyone who sues in federal court must pay a filing fee. *See* 28 U.S.C. § 1914. That said, a litigant who cannot afford the fee can ask to proceed in forma pauperis, which "allows the[m] to pay the fee over time" or "not at all." *See Crump v. Blue*, 121 F.4th 1108, 1110 (6th Cir. 2024) (citing 28 U.S.C. § 1915(a)–(b)). But incarcerated people can lose this privilege. Under the PLRA, if an incarcerated plaintiff has already filed three or more "action[s] or appeal[s]" that a court has dismissed as "frivolous, malicious, or fail[ing] to state a claim," the plaintiff may not proceed in forma pauperis. 28 U.S.C. § 1915(g). This is called the "three-strikes" rule. *See Simons v. Washington*, 996 F.3d 350, 351 (6th Cir. 2021).[1]

Taylor, who is incarcerated, sued several MBP staff-members under 42 U.S.C. § 1983 for allegedly violating his constitutional rights. He alleges that a nurse at MBP gave him and a fellow inmate the wrong medications, causing that inmate to overdose and die. Taylor also claims that, a month later, an MBP doctor sexually assaulted him and, when he resisted, punched him in the face.

Along with filing his complaint, Taylor moved to proceed in forma pauperis. The district court issued a written order denying Taylor's motion based on the PLRA's "three-strikes" rule. In the court's view, Taylor had previously filed four lawsuits that had been dismissed as frivolous, malicious, or failing to state a claim. They were: (1) *Taylor v. Adler*, No. 1:22-cv-300, 2022 WL 2965476 (W.D. Mich. July 27, 2022); (2) *Taylor v. Stump*, No. 1:22-cv-530, 2022 WL 2913992 (W.D. Mich. July 25, 2022); (3) *Taylor v. Martin*, No. 1:22-cv-301, 2022 WL 2383693 (W.D. Mich. July 1, 2022); and (4) *Taylor v. Yuhas*, No. 1:21-cv-435, 2021 WL 5027591 (W.D. Mich. Oct. 29, 2021). Because Taylor could not proceed in forma pauperis and had not paid his filing fee, the court dismissed his case.

Taylor timely appealed. Yet almost two months later, with his appeal pending, the district court issued a second order purporting "to clarify the three strikes" that Taylor had accrued. Order, R. 11, PageID 43 (quotation marks omitted). As in its earlier order, the court

---

[1]A plaintiff with three strikes may still proceed in forma pauperis if they are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). On appeal, Taylor does not argue that the "imminent danger" exception applies.

tallied *Martin* and *Yuhas* as strikes.  This time, however, the court did not mention *Adler* and *Stump*, the other two cases that it had originally counted.  Rather, the court found that Taylor's third strike came from a case absent from its earlier order: *Taylor v. Torok*, No. 1:21-cv-779, 2023 WL 3070892 (W.D. Mich. Apr. 25, 2023).

## ANALYSIS

Taylor concedes that two of his prior suits—*Martin* and *Yuhas*—are valid PLRA strikes. But he disputes that he has accrued a third strike.  Whether a prior suit counts as a PLRA strike is a legal question that we review de novo.  *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 584 (6th Cir. 2013); *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 491 & n.3 (6th Cir. 2012). Before we consider whether Taylor has a third strike, however, we need to clarify our jurisdiction over the district court's dual orders.

## I.     Jurisdiction

Taylor does not raise jurisdictional arguments.   Still, "[w]e have an independent obligation to check both our own jurisdiction and the district court's."  *Taylor v. Owens*, 990 F.3d 493, 496 (6th Cir. 2021).  Here, we must consider whether our review extends to the district court's clarifying order, which it issued after Taylor had filed his notice of appeal.

Generally, when a party files a notice of appeal, the district court loses "jurisdiction to act in [the] case, except on remedial matters unrelated to the merits of the appeal."  *Fort Gratiot Sanitary Landfill, Inc. v. Mich. Dep't of Nat. Res.*, 71 F.3d 1197, 1203 (6th Cir. 1995).  Thus, a district court cannot supplement its decision or otherwise "alter the case" while an appeal is pending.  *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003) (citation omitted).  Even so, "a district court retains limited jurisdiction to take actions 'in aid of appeal.'" *United States v. Sims*, 708 F.3d 832, 834 (6th Cir. 2013) (quoting *Inland Bulk Transfer*, 332 F.3d at 1013).  Under this "narrow[]" exception, if a litigant appeals an oral ruling, a district court can then issue "an opinion that memorializes" it, provided that the court does so promptly. *Id.*

The district court lacked jurisdiction to issue its clarifying order.  In its original order, the district court held that either *Adler* or *Stump* could constitute Taylor's third PLRA strike.  Then in its clarifying order, the district court reversed course.  It asserted for the first time that *Torok*—not *Adler* or *Stump*—was strike three.  In doing so, the clarifying order sought to materially revise the court's earlier written decision.  *See id.*  That went beyond addressing "remedial matters" or "memorializ[ing] an oral ruling made days before."  *United States v. Harvey*, 996 F.3d 310, 312–13 (6th Cir. 2021) (per curiam) (citations omitted).  As a result, the district court's clarifying opinion is "null and void," and we cannot consider it in this appeal.  *Id.* (citation omitted).

## II.    **PLRA Strikes**

Because we cannot review the district court's clarifying order, we do not address whether *Torok* constituted Taylor's third strike.  Instead, we focus on the cases that the district court identified as the third strike in its original order:  *Adler* and *Stump*.

Our recent decision in *Crump*, 121 F.4th 1108, guides our inquiry.  There, the plaintiff contested two of his three PLRA strikes.  In one, a district court had dismissed some of his claims on Eleventh Amendment immunity grounds and the remainder for failure to state a claim.  *Id.* at 1110.  In the other, the court had dismissed some of his claims for failure to state a claim and the rest because it declined to exercise supplemental jurisdiction over them.  *Id.*  We held that a suit is a PLRA strike only if "all claims in [the] complaint" were dismissed as "frivolous, malicious, or fail[ing] to state a claim."  *Id.* at 1111 (quoting 28 U.S.C. § 1915(g)).  A dismissal because of Eleventh Amendment immunity did not fit into any of those categories.  *Id.* at 1112.  Nor did a dismissal based on a district court's declining to exercise supplemental jurisdiction.  *Id.*  Thus, neither of the plaintiff's prior suits constituted PLRA strikes.  *Id.*

By that measure, neither *Adler* nor *Stump* counts as a strike.  In *Adler*, the district court dismissed Taylor's suit only because the Eleventh Amendment shielded the defendants.  *See* 2022 WL 2965476, at *2.  But a dismissal based on Eleventh Amendment immunity is not a PLRA strike unless a court otherwise determines that the action is frivolous or malicious.  *Crump*, 121 F.4th at 1111.  The *Adler* court made no such finding, so the suit is not a strike.

Now consider *Stump*. In that case, the district court dismissed Taylor's claims seeking damages because, as in *Adler*, the defendants enjoyed Eleventh Amendment immunity. 2022 WL 2913992, at *3. Then the court dismissed Taylor's claims for injunctive relief because he challenged his conditions of confinement, "which should [have] be[en] brought as a petition for habeas corpus" rather than as a § 1983 suit. *Id.* But for a suit to constitute a PLRA strike, a court must have dismissed "*all* of its claims" for being frivolous, malicious, or for failing to state a claim. *Crump*, 121 F.4th at 1111 (emphasis added). The *Stump* court dismissed at least some of Taylor's claims—those for damages—on Eleventh Amendment grounds. So *Stump* does not amount to a strike.[2]

Because neither *Adler* nor *Stump* supplies Taylor's third strike, the district court erred by denying Taylor's motion to proceed in forma pauperis and by dismissing his complaint.

## CONCLUSION

For the reasons explained above, we vacate the district court's judgment and remand for proceedings consistent with this opinion.

---

[2]Though *Crump* held that mixed-claim dismissals are not PLRA strikes, one of our decisions, *Pointer v. Wilkinson*, 502 F.3d 369, 373–77 (6th Cir. 2007), reached the opposite conclusion. But in *Crump*, we noted that *Pointer*'s reasoning appeared to conflict with § 1915(g)'s text. 121 F.4th at 1113. Thus, we saw "no good ground to extend" *Pointer*'s holding beyond its facts. *Id. Pointer* does not require treating *Stump* as a strike here.