NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0221n.06
No. 25-1897

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

LARRY HARRISON,

      Plaintiff-Appellant,

v.

COUNSELOR DOUGLAS,

      Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
May 20, 2026
KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

OPINION

Before: KETHLEDGE, WHITE, and LARSEN, Circuit Judges.

KETHLEDGE, Circuit Judge. Larry Harrison brought a First Amendment retaliation suit against a prison staff member, but did not pay the filing fee. The district court denied Harrison's motion for leave to pay the fee in installments, finding that he had filed three prior lawsuits that had each been dismissed for failure to state a claim. We hold that two of those lawsuits were not dismissed for failure to state a claim, so we reverse.

I.

A.

Under the Prison Litigation Reform Act, a prisoner who proceeds *in forma pauperis* need not pay the district court's filing fee up front; instead, he may pay the fee in monthly installments. *See* 28 U.S.C. § 1915(a)-(b). But a prisoner generally cannot do that if he has accrued three "strikes" under section 1915(g). A prisoner accrues a strike when a lawsuit he files while

incarcerated is "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915(g). The relevant text provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.*

B.

Over 20 years ago, a Michigan jury convicted Larry Harrison of first-degree murder, armed robbery, and possessing a firearm during the commission of a felony. *People v. Harrison*, 2003 WL 21715882, at *1 (Mich. Ct. App. July 24, 2003). The court sentenced him to life imprisonment without parole. *Id.*

Harrison has since filed (as relevant here) four lawsuits, including this one. In 2003, Harrison brought suit under 42 U.S.C. § 1983 against the City of Detroit and several police officers. *See Harrison v. City of Detroit*, No. 2:03-cv-73102, Op. & Order of Sum. Dismissal (E.D. Mich. Sept. 26, 2003). He argued that he had been unlawfully arrested and not promptly arraigned. *Id.* at 1–3. The district court dismissed his suit because, it reasoned, a judgment for Harrison "would necessarily imply the invalidity of [his] conviction." *Id.* at 3; *see Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

In November 2015, Harrison brought suit against prison officials and two state-court clerks, alleging violations of his Eighth and Fourteenth Amendment rights. *Harrison v. Palmer*, 2015 WL 6675122, at *1–2 (W.D. Mich. Nov. 2, 2015). Harrison said that the prison officials had prevented him from sending certain court documents by registered mail, and that the court clerks had refused to docket the documents he sent by regular mail. The district court held that the clerks

enjoyed quasi-judicial immunity, and that any claim against them for injunctive relief was barred as an improper collateral attack on a state-court proceeding. *See id.* at *2–4. The court further held that Harrison had not stated a claim against any other defendant, and so dismissed his suit. *See id.* at *4–8. The court labeled its order "a dismissal as described by 28 U.S.C. § 1915(g)." *Id.* at *9.

In separate litigation that ended the same month, Harrison filed a suit based on "claims concerning alleged actions and failures to act spanning three years" and "involving 31 Defendants." *Harrison v. Collette*, 2015 WL 6829888, at *3 (W.D. Mich. Nov. 6, 2015). The district court held that one defendant enjoyed absolute judicial immunity, which, the court said, meant Harrison had failed to state a claim against that defendant. *See id.* at *2–3. The court dismissed Harrison's remaining claims because he had improperly joined the other defendants. *See id.* at *5–7. The court also labeled its order "a dismissal as described by 28 U.S.C. § 1915(g)." *Id.* at *7.

Ten years later, Harrison filed this section 1983 suit. He alleged that a "prisoner counselor" named Douglas had lied about him in a misconduct report, prompting prison officials to move him to "the hole" (the prison's segregation unit). Harrison said the counselor did so because she did not want Harrison to file a grievance or lawsuit against her. He asserted a First Amendment retaliation claim and several state claims, and demanded $1,200,000 in damages.

Harrison moved to proceed *in forma pauperis*. The district court denied the motion, finding that Harrison had three strikes under section 1915(g): his complaints in *City of Detroit*, *Palmer*, and *Collette*, the court held, had each been dismissed for failure to state a claim. The court dismissed Harrison's suit without prejudice so that he could refile if he paid the filing fee. This appeal followed.

II.

We review de novo whether a dismissal counts as a strike under section 1915(g). *Taylor v. Stevens*, 146 F.4th 480, 483 (6th Cir. 2025). An "action" is dismissed for failure to state a claim—thus counting as a strike—"only when all of its claims are dismissed" for failure to state a claim. *Crump v. Blue*, 121 F.4th 1108, 1111 (6th Cir. 2024).

A.

The parties agree that two of the three dismissals at issue here should not have been counted as strikes. The first was in Harrison's *Palmer* suit in 2015. There, his claims for damages against the court clerks were dismissed based on the clerks' quasi-judicial immunity; and his claims against them for injunctive relief were, the district court held, barred under the *Rooker-Feldman* doctrine. 2015 WL 6675122, at *2–4. The *Rooker-Feldman* doctrine—which bars district courts from adjudicating "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced"—is a doctrine about subject-matter jurisdiction, rather than a case's merits. *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402, 404 (6th Cir. 2020) (citation omitted); *see Kitchen v. Whitmer*, 106 F.4th 525, 535 (6th Cir. 2024). And we have held that a jurisdictional dismissal is not a dismissal for failure to state a claim. *Crump*, 121 F.4th at 1112. *Palmer* therefore does not constitute a strike. *See id.* at 1111–12.

The district court thought otherwise because the *Palmer* court had labeled its order a strike, 2015 WL 6675122, at *9, and because our court, on appeal in that case, said the district court had "dismissed the complaint for failure to state a claim," *Harrison v. Palmer*, 2016 WL 11849271, at *1 (6th Cir. Oct. 19, 2016). But the "district court's strike notation" does "not bind later district courts." *Simons v. Washington*, 996 F.3d 350, 354 (6th Cir. 2021). Nor does our court's passing

description of the district-court proceedings. *See, e.g.*, *Burley v. Gagacki*, 834 F.3d 606, 618 (6th Cir. 2016). Instead, the PLRA "leaves it to a fourth or later court to decide whether the district court's non-binding strike call should become a binding strike." *Simons*, 996 F.3d at 354. Here, it should not.

The second dismissal that the parties agree should not have been counted as a strike was *Collette*, which also came in 2015. There, the district court dismissed Harrison's claims against one defendant (a state judge) because the defendant enjoyed absolute judicial immunity. 2015 WL 6829888, at \*2–3. The court then "dismissed" Harrison's claims against the remaining defendants for "improper joinder." *Id.* at \*7. A dismissal of improperly joined defendants occurs under Rule 21, not Rule 12(b)(6). And such a dismissal bears no substantive resemblance to a Rule 12(b)(6) dismissal for failure to state a claim; that claims should not be adjudicated in the same action does not mean they are invalid. *See Crump*, 121 F.4th at 1113. *Collette* therefore does not constitute a strike for failure to state a claim.

The district court worried that, "if misjoinder forecloses a strike," then "simply by adding an unrelated claim to every action," a prisoner could "avoid ever incurring a strike." Op. at 4. But our court has addressed the risk that prisoners add "claims against immune defendants to their federal claims to try to avoid strikes." *Crump*, 121 F.4th at 1114. In that event, we said, the court "retains the authority to dismiss such a claim, label the claim frivolous, and assess a strike." *Id.*; *see also Taylor*, 146 F.4th at 484. The *Collette* court, however, did not determine that Harrison's claims were frivolous.

B.

That leaves *City of Detroit*, Harrison's 2003 lawsuit, in which the district court determined that the complaint "must be dismissed under *Heck*." No. 2:03-cv-73102, Op. & Order of Sum.

Dismissal at 3; *see* 512 U.S. at 483. The parties dispute whether a dismissal based on *Heck* is necessarily one for failure to state a claim, and thus a strike. But we choose not to reach that issue here: first, because doing so is unnecessary to reversal of the order dismissing the suit before us now; and second, because in our view this case is not a good vehicle to decide that issue.

\* \* \*

The district court's judgment is reversed.